## COOK v. GREEN RIVER MUTUAL IRRIGATION COMPANY.

No. 2198. Decided January 16, 1912. Rehearing Denied March 22, 1912 (121 Pac. 970).

1. CONTRACTS—CLASSIFICATION OF MATERIAL—QUESTIONS OF LAW OR FACT. Where plaintiff contracted to construct an irrigation ditch, the contract providing different prices for different kinds of excavation, but no one was empowered by the contract to make a final classification, and a dispute arose as to whether a portion of the excavation was properly classified, the question was one of fact, and not of law. (Page 511.)

2. CONTRACTS—EXCAVATION—MONTHLY ESTIMATE. Where a contract for excavating an irrigation ditch provided different prices for different kinds of excavation, and for payment of ninety per cent. of the contract price on monthly estimates of an engineer, plaintiff, by accepting such monthly installments, was not bound by the engineer's classification. (Page 512.)

APPEAL from District Court, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by E. J. Cook against the Green River Mutual Irrigation Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Thurman, Wedgwood & Irvine* for appellant.

*F. E. Woods* for respondent.

FRICK, C. J.

This is an action by respondent to recover a balance amounting to $1050 alleged to be due from appellant upon a certain contract entered into between the parties for the construction of an irrigating canal in Emery County, Utah. The parts of the contract deemed material here are as follows:

"It is hereby agreed that the party of the first part shall receive as compensation for said work the following prices, per cubic yard, to wit: Earth, eleven cents per cubic yard; loose rock, forty-nine and one-half cents per cubic yard; cement material, sixty-one cents per cubic yard; solid rock, eighty-two and one-half cents per cubic yard. . . . Loose rock excavation will comprise all stone or detached masses of rock less than one cubic yard or more than one cubic foot in bulk, also all slate or shale that can be removed without blasting. By cemented clay and gravel is meant a compact and solid mass of such material in place which cannot be removed without blasting. Not a loose or granulated deposit. . . . The prices herein stipulated to be paid being considered as full compensation for the various kinds of work; and whenever work is required to be done, which is not herein agreed upon or covered by any item of price herein mentioned, the engineer in charge shall fix such prices for the work as he shall consider just and equitable; and if the contractor enters upon and commences such work with a knowledge of the prices so fixed, they shall be estimated and be paid accordingly, but if contractor declines to execute such work for the prices fixed by the engineer, then the company may enter into a contract with other parties for its execution, or employ hands to do such work."

The final estimate made by the engineer in charge of the work pursuant to the foregoing contract is as follows:

Nov. 24, 1906.

Green River City Irr. Co., Green River, Utah, to E. J. Cook,. Contractor, Dr.

For items specified below:

| | |
|---|---|
| 40,172.71 cu. yd. earth at 11c ................$ | 4418 99 |
| 6,182.06 cu. yd. shale at 22c................ | 1360 01 |
| 428.31 cu. yd. H. shale at 22c............. | 127 21 |
| 403.09 cu. yd. L. R. at 49.5c.............. | 199 53 |
| 1,510.07 cu. yd. S. R. at 82.5c.............. | 1246 30 |
| 4,727.55 cu. yd. grade at 38.5c.............. | 1820 11 |
| | $ 9172 15 |
| Less previous payments ................... | 8724 70 |
| Balance in full ......................$ | 447 45 |

42 ft. ditch.

The controversy is limited to two items contained in the foregoing estimate. Respondent insists that the item of "6182.06 cu. yd. shale at 22c," and the other of "428.31 cu. yd. H. shale at 29.7c," were not classified as provided for in the contract. It will be observed that the specifications which were incorporated into the contract provide that "all slate or shale that can be removed without blasting" shall be classified as loose rock, for which the contractor is to receive pay at the rate of 49.5 cents a cubic yard. From an inspection of the foregoing engineer's final estimate, it is also apparent that he classified as loose rock only 403.09 cubic yards, for which he allowed the 49.5 cents provided for in the contract. The respondent, however, insisted at the trial that the engineer should have included the 6182.06 cubic yards of shale and the 428.31 cubic yards of H. shale with the 403.09 cubic yards of loose rock, and should have classified all of them as loose rock, which would have given the aggregate of 7013.46 cubic yards of loose rock at 49.5 cents per cubic yard. The

court found that the engineer did not properly classify what in his estimate he designated as shale and H. shale, but should have classified them as contended for by respondent. The court, therefore, classified the whole of the 7013.46 cubic yards as loose rock, and allowed the contract price of 49.5 cents per cubic yard therefor. Appellant contends that the findings of the court in that respect are not sustained by the evidence.

We have carefully read all of the evidence contained in the bill of exceptions, and from it are convinced that there is sufficient evidence to sustain the court's findings that the engineer incorrectly classified the two items designated "shale" and "H. shale," and that, under the contract, they should have been classified as loose rock.

Appellant further contends that the foregoing two items come within the general clause of the contract which provides "and whenever work is required to be done, which is not herein agreed upon or covered by any item of price herein mentioned, the engineer in charge shall fix such prices for the work as he shall consider just and equitable," and that, under this provision, the engineer was given the right to fix the compensation for the two items in the manner he did. It may well be doubted whether it was intended that the foregoing provision should apply to the question of classification merely. We need, however, not determine that question now, since the parties at the trial threshed out the whole matter of classification as a question of fact. Respondent produced his evidence with regard to whether the two items should be classified as loose rock or not, and the appellant did likewise. After hearing all of the evidence adduced, the court found that the two items should be classified and paid for as loose rock.

Where the classification is provided for as in this case, and where no one is empowered by the contract to make a final classification and a dispute arises between the parties to the contract, the question of how certain material shall be classified certainly is a question of fact. Both parties in this case seemed to so regard it and submitted

their evidence upon the subject to the court for final determination. The court, after hearing the evidence, made its findings of fact, and, since those findings are supported by substantial evidence, we are powerless, in view that this is a law case, to disturb such findings.

Appellant's counsel also contends that in this case monthly estimates were made upon which respondent received ninety per cent. of the contract price and in each estimate the engineer in charge had classified the contents of certain excavations as shale and H. shale, and in view of that fact respondent should be bound by the classification there made. Although under the circumstances of this case it had been conceded by respondent, which was not the case, that he was aware of the method pursued by the engineer in classifying certain material as shale, yet, as there is no question of estoppel or waiver involved, we can see no reason why respondent could not insist upon having shale classified as provided for in the contract when the engineer made his final estimate. But upon this phase of the case the matter with respect of respondent's knowledge of the contents of the monthly estimates and his conduct with respect thereto were again submitted to the court as questions of fact under appellant's amendment to its answer and were passed on as such by the court.

Nor was the appellant prejudiced by the rulings of the court either in the admission or the exclusion of evidence at the trial. After appellant had amended its answer during the progress of the trial, practically all of the evidence that had theretofore been excluded by the court was, upon new questions and answers, admitted, and the court considered it.

From an examination of the record, and especially in view that the case was tried to the court, we can discover no prejudicial error in the rulings of the court in respect to the admission or exclusion of evidence.

Upon the whole record, we are clearly of the opinion that the judgment should be affirmed, with costs to respondent. It is so ordered.

McCARTY and STRAUP, JJ., concur.